SINCLAIR REFINING CO., APPELLANT, *v.* ROMOHR ET AL., APPELLEES.

(No. 171—Decided July 7, 1953.)

*Messrs. Smith & Nichols,* for appellant.
*Miss Helen Pulse Roades* and *Messrs. Nichols, Speidel & Nichols,* for appellees.

Ross, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Clinton County, Ohio. The record made below and a stipulation are agreed to be the evidence presented to this court. This action is one to quiet title to certain real estate. The defendants prayed also for a decree quieting title to the area in dispute.

The plaintiff asserts ownership to lots Nos. 102, 103, and 104 in C. Lazenby's addition to the village of Blanchester, Ohio, which property is also described by metes and bounds.

The defendants assert ownership of lots Nos. 100 and 101 in such addition. It is alleged in their answer

that the defendants acquired title to such lots from the administrator of the estate of Nannie A. Jack, who succeeded to the title from Lewis Jack; that lot No. 101 adjoins lot No. 102 on the east; that the western boundary of such lot is marked by a garage and fence which had been in existence for more than 21 years, having been erected by the defendants' predecessors in title; and that such line has been constantly disputed by plaintiff and its predecessor in title for more than 21 years, they having claimed that the garage and fence are an encroachment upon lot No. 102.

In the alternative, defendants claim title and possession of lot No. 101, as defined by a fence line, by virtue of a correct and true fixing of such line by a survey, and, also, by adverse possession, if such line is not fixed by correct survey.

No reply was filed by plaintiff.

From the evidence it appears that there are no authentic monuments in the village of Blanchester from which lot lines can be definitely located; that the garage located on the disputed area was erected in 1922 by Lew Jack, husband of Nannie A. Jack, on a line with a fence along the disputed area; that lots Nos. 102, 103, and 104 were owned by the Public Oil Corporation from 1920 to 1930, and, thereafter, owned by the plaintiff; that the garage and fence were removed by the defendants in 1951, and replaced by a new fence along the same line; that Nannie A. Jack died in 1949, having been in possession of lots Nos. 100 and 101 since 1899; that lots Nos. 100 and 101 were sold on September 12, 1949, by Nannie A. Jack's administrator in an action brought for the sale thereof to pay the debts of her estate; and that the auctioneer at the public sale designated the garage and fence as the boundary of the property being sold, the defendants being advised that there was a dispute as to the line and being assured by the attorney for the administra-

tor that the line would be sustained along the fence.

It appears, therefore, that the line of the present fence has been definitely marked by a garage, a fence, and by other structures since 1922. The attempt of the plaintiff to show that this fence line is not the true boundary between lots Nos. 101 and 102 fails; largely because of the absence of definite, authentic monuments in the village of Blanchester from which true courses and distances may be run. Apparently, also, this line was definitely recognized and fixed at the administrator's sale, although involved in a dispute.

Possibly the task of the court should end here with this conclusion in favor of the defendants.

The defendants, however, rely on the defense of adverse possession, as well as the claim of a true boundary fixed by the fence. As to this defense and counterclaim of the defendants, who seek also to quiet the title against the plaintiff, the plaintiff says the defendants have no privity with either the heirs of Nannie A. Jack or with her; that her administrator had no possession of the real estate he sold at public sale to pay debts sufficient to connect the adverse possession of Nannie A. Jack and her heirs with that acquired by the defendants at the administrator's sale. The weight of authority fails to sustain this position of the plaintiff.

The better rule is stated in *Stalcup* v. *Lingle,* 76 Ind. App., 242, 131 N. E., 852, where the court said in the second paragraph of the syllabus:

''The possession of the purchaser at an administrator's sale, and of the administrator for the purpose of sale, and of the heirs of the decedent, constitute one continuous possession, all referable to and connected with the possession of the decedent.''

To the same effect are the cases of *Acton* v. *Lamberson,* 102 Ore., 472, 202 P., 421; *Rogers* v. *Johnson,* 125 Mo., 202, 28 S. W., 635; *Ricker* v. *Butler,* 45 Minn., 545; and *Cochrane* v. *Faris,* 18 Tex., 850. See, also, 4 Tif-

fany Real Property (3 Ed.), 437, Section 1146; 18 Ohio Jurisprudence, 675, Executors and Administrators, Section 614; 1 American Jurisprudence, 882, Adverse Possession, Sections 154, 155; and 2 Corpus Juris Secundum, 656, Adverse Possession, Section 96 b.

The theory running through these authorities is that heirs take the title of the intestate, subject always to the rights of creditors of the decedent, and that, where the administrator at public sale transfers title to and possession of property sold to pay debts, he transfers the residual interest of the heirs who would otherwise have been entitled to both the title and the right to possession. It is unquestioned that the heirs would have had such privity with their ancestor as to permit them to tack their possession to the ancestors, and a deed from such heirs would have carried the chain of privity of adverse possession to their grantee.

Another contention of the plaintiff is that the deed to lots Nos. 100 and 101 did not convey the disputed area. This position is not sustained by the Ohio authorities. 1 Ohio Jurisprudence (2d), 742, Adverse Possession, Section 55. See, also, *Paulken* v. *Rose,* 31 Ohio Opinions, 260, a well-considered opinion (Common Pleas) by Fess, J.

The several positions of the plaintiff are untenable, and the defendants are entitled to a decree quieting their possession and title against the plaintiff, along the established fence line.

A decree similar to that entered by the trial court may be presented.

*Judgment accordingly.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.